**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DERRICK SMITH** | : | **DOCKET NO. 2:21-cv-1829** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **OAKDALE FCC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is the amended civil rights complaint (doc. 12) filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Derrick Smith, who is proceeding pro se and in forma pauperis in this matter.  His claims arise out of his incarceration at the Federal Correctional Institution at Oakdale, Louisiana (FCIO).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On May 14, 2021, plaintiff first filed suit in United States District Court for the Western District of Texas, alleging that staff at FCIO did not secure or return his evidence disc.  *Smith v. Federal Bureau of Prisons, et al*, Docket No. 2:21-cv-01633 (W.D. La. 2021) at doc. 1.   He also alleged that FCIO failed to follow their procedure for a medical transfer due to health conditions and that the Federal Bureau of Prisons "followed their procedures in administrative remedy that

resulted into no action being taken until to (sic) late." *Id*.  On June 14, 2021, that suit was transferred to this court.  Doc. 5.  Plaintiff filed an Amended Complaint on July 6, 2021.  Doc. 8.  Following an initial screening by the undersigned, we recommended the matter be dismissed with prejudice as frivolous and for failing to state a claim upon which and for seeking monetary relief against a defendant who is immune from such relief.  *Id*. at doc. 11.  There was no objection filed to the Report and Recommendation and the district court adopted it, dismissing the claim with prejudice.  *Id*. at doc. 12.  Relevant to the matter presently before this Court, plaintiff's claim that FCIO staff, specifically Officer Lemieux, intentionally or negligently destroyed his personal property was denied, as plaintiff had "adequate post-deprivation remedies available to him," and as such, he failed to state a due process claim upon which relief could be granted.  *See* doc. 11.

On May 14, 2021, plaintiff filed a second civil rights complaint in the Western District of Texas, which was transferred to this Court on June 24, 2021, and is the matter presently before the court.  Doc. 4.  In this matter, plaintiff asserts that FCIO was "very dirty and full of black mold," ultimately causing him to "catch a virus that took his hearing."  *Id*. at doc. 3.  He also makes the same allegation as was previously made against Officer Lemieux[1] regarding the deprivation of his personal property (evidence disc).  *Id*.

## II.
### LAW & ANALYSIS

#### A.  *Frivolity Review*

Smith has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or

---

[1] While plaintiff spells the defendant's name "Lemieux" in the previous suit and "Lameu" in the instant suit, it is clear he is speaking of the same individual.

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B.  Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins,* 108 S. Ct. 2250, 2254–55 (1988).  A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[2] E.g., *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

---

[2] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

### C. *Analysis*

#### 1. *Claims against Officer Lemieux*

The Court should dismiss Smith's claim against Officer Lemieux because it is duplicative and malicious. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Co*rr., 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Smith's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in prior proceedings.   As the claims in this proceeding are duplicative and malicious, the Court should dismiss them with prejudice.

#### 2. *Claims Against FCIO*

It is settled law that a federal prison like FCIO is not a legal entity amenable to suit. *See Duhaney v. Gusman*, No. Civ. A. 06-3518, 2009 U.S. Dist. LEXIS 47096, 2009 WL 1607915, at *3 (E.D. La. June 2, 2009) (holding FDC-Houston is not a legal entity amenable to suit); *Christy*

*v. Federal Bureau of Prisons,* No. Civ. A. 09-3044-SAC, 2009 U.S. Dist. LEXIS 29782, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (holding U.S.P. Leavenworth is not a legal entity suable for civil rights violations) (citing *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994)); *Nolan v. Hamidullah*, 4:07-1141-JFA-TER, 2007 U.S. Dist. LEXIS 43443, 2007 WL 1726447 at *3 (D.S.C. Jun. 12, 2007) (holding FCI-Estill is not a proper party in a *Bivens* action). Therefore, Smith's claims against FCIO are frivolous and fail to state a claim upon which relief can be granted.

### 3.  Claims Against the Federal Bureau of Prisons

Finally, the Federal Bureau of Prisons, is an agency and not an individual officer of the sort amenable to suit under *Bivens*. See *FDIC v. Meyer*, 114 S. Ct. 996, 1006 (1984) (noting that *Bivens* applies to individual agents, not agencies). A plaintiff may not bring suit for damages against a federal agency under *Bivens*. See *id*. Because the Bureau of Prisons is an agency, Smith's *Bivens* claim against this defendant fail as a matter of law.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, as malicious and duplicative and for failing to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30

(5th Cir. 1996).

     THUS DONE AND SIGNED in Chambers this 16th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE